**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ______________________

ASPEN GROVE HOLDINGS, LLC, a Wyoming
limited liability company,

Plaintiff,

v.

WAL-MART REAL ESTATE BUSINESS TRUST,
a Delaware statutory trust; and WAL-MART
STORES EAST, LP d/b/a WALMART
FOUNTAIN SUPERCENTER #1273, a foreign
limited partnership.

Defendants.

---

# NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Wal-Mart Real Estate Business Trust and Wal-Mart Stores East, LP d/b/a Walmart Fountain Supercenter #1273 (collectively, "Defendants") hereby file this Notice of Removal ("Notice") and remove to this Court from the District Court, El Paso County, Colorado and state the following:

1. On September 18, 2026, Plaintiff Aspen Grove Holdings, LLC ("Plaintiff") commenced a civil action in the District Court for El Paso County, State of Colorado (the "State Court"), captioned *Aspen Grove Holdings, LLC v. Wal-Mart Real Estate Bus. Trust, et al.,* Case No. 2026CV32280 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the signed Amended Summons and Complaint, as well as all other process, pleadings, and orders served upon Defendants, are attached as **Exhibits A–F.**

2. On September 24, 2026, Defendants were served via their registered agent with the Summons, Complaint, and Civil Case Cover Sheet at 7700 East Arapahoe Road, Suite 200, Centennial, CO 80112. Defendants were then served with an Amended Summons, Complaint, and Civil Case Cover Sheet at the same address on the following day, September 25, 2026. Accordingly, this Notice is timely pursuant to 28 U.S.C. § 1446(b)(1).

3. Since the date of service, Defendants have also filed a Notice of Entry of Appearance and an Unopposed Motion to Extend the Deadline for Response to the Complaint, which the Court subsequently granted. Those documents are attached here as **Exhibits G-I.** [1]

4. Defendant hereby removes the State Court Action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

5. Defendant Wal-Mart Real Estate Business Trust is a statutory business trust. Accordingly, for the purposes of diversity, its citizenship is determined by all its members. *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1305 (10th Cir. 2025) ("[A] business trust takes the citizenship of all its members."). Wal-Mart Real Estate Business Trust has one member—Wal-Mart Property Co., a Delaware corporation with a principal place of business in Arkansas. Therefore, Defendant Wal-Mart Real Estate Business Trust is a citizen of Delaware and Arkansas.

6. Defendant Wal-Mart Stores East, LP d/b/a Walmart Fountain Supercenter #1273 is a Delaware limited partnership. For the purposes of diversity, its citizenship is determined by

---

[1] Pursuant to D.C.COLO.LCivR 81.1, a current docket sheet (register of actions) for the State Court Action is also attached hereto as **Exhibit J**. Based upon examination of the docket for the State Court Action, no motions or petitions are pending, and no further orders have been entered.

the citizenship of all its partners. *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990) (Citizenship of limited partnerships takes into account citizenship of all partners, general and limited). Wal-Mart Stores East, LP has two partners: WSE Management, LLC and WSE Investment, LLC. Citizenship of limited liability companies likewise requires an analysis of the citizenship of each of its members. *Nelson v. Encompass PAHS Rehab. Hosp., LLC*, 522 P.3d 707, 712 (Colo. 2023) (quoting *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018)) ("[A] limited liability company 'takes the citizenship of all its members' " for diversity purposes."). Both limited liability companies have one member: Wal-Mart Stores East, LLC. In turn, Wal-Mart Stores East, LLC's sole member is Walmart Inc.—a Delaware corporation with a principal place of business in Arkansas. Therefore, Defendant Wal-Mart Stores East, LP is also a citizen of Delaware and Arkansas.

7. The Complaint alleges that Plaintiff is a Wyoming limited liability company that owns real property in Colorado. (Compl. ¶ 2.) Upon information and belief, Plaintiff is a citizen of Colorado because its ultimate member is a Colorado resident and, in any event, is not a citizen of Delaware or Arkansas.

8. Accordingly, upon information and belief, there exists complete diversity as between the Plaintiff and Defendants.

9. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Removal is proper if the district court finds "by the preponderance of the evidence" that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B). Where a state court complaint does not identify a specific

amount in controversy, the Court may look to "other documentation" such as "affidavits" or other "evidence." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

10. Here, the matter in controversy involves Plaintiff's claims for trespass, injunctive relief, and private nuisance stemming from allegations that Defendants cause water and refuge to enter their property through a culvert. (*See* Compl. ¶¶ 13, 15–32.) Although the Complaint itself does not specify the amount in controversy, Plaintiff has indicated through two demand letters that the amount in controversy far exceeds $75,000. **Exhibits K–L** (demanding a sum of $550,000 as compensation for the alleged intrusion on Plaintiff's property). Accordingly, the preponderance of the evidence demonstrates that the amount of controversy exceeds $75,000. *McPhail*, 529 F.3d at 956.

11. No change of citizenship of parties has occurred since the commencement of the action and Defendants are not citizens of the state in which the action was brought.

12. Given the complete diversity of the parties and an amount in controversy in excess of $75,000.00, this Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332, and this action is properly removable pursuant to 28 U.S.C. § 1441(b).

13. Venue is proper in this Court under 28 U.S.C. § 1446(a) as it is the district and division within which the State Court Action was brought.

14. As Defendants are the only named defendants in this action, there are no other defendants needing to consent to the removal of the State Court Action to this Court and the "unanimous consent rule" under 28 U.S.C. § 1446 does not apply. Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will also be served upon all adverse parties and will be filed promptly in the State Court Action.

15. As of the date of this Notice of Removal, no hearings or other proceedings have been set in the State Court Action.

16. As required by 28 U.S.C. § 1446(d), a copy of this Notice will be filed on this date with the clerk of the District Court, El Paso County and a copy of this Notice will be served on Plaintiff through their attorneys of record, Adam N. Lichtenauer and Erin M. Leach with Mulliken Weiner Berg & Jolivet P.C., via the Colorado Courts E Filing System.

Based on the foregoing, Defendants Wal-Mart Real Estate Business Trust and Wal-Mart Stores East, LP d/b/a Walmart Fountain Supercenter #1273 hereby remove this action, which is currently pending in the El Paso County District Court, as Case No. 2026CV32280, to this Honorable Court.

DATED this 23rd day of October, 2026.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: *s/Travis F. Chance*

Travis F. Chance # 52132
Reilly E. Meyer # 59495
675 Fifteenth Street, Suite 2900
Denver, Colorado 80202
Tele: 303-223-1100
Fax: 303-223-1111
Email: tchance@bhfs.com; rmeyer@bhfs.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October, 2026, I electronically filed a true and correct copy of the **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and I further certify I electronically filed a copy of the foregoing with the Clerk of Court for District Court, El Paso County, via the Colorado Courts E-Filing System which will provide electronic service upon all parties of record.

*s/ Rachael L. Cotner*
Rachael L. Cotner, Paralegal